

**ORDERED in the Southern District of Florida on July 13, 2026.**

**Scott M. Grossman, Chief Judge
United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

RICARDO DANIEL MONTEJO,          Case No. 24-16430-SMG

    Debtor.                Chapter 13

_____/

## ORDER (I) DENYING LUIS GERMAN PABLO TAPIA-VERGARA'S MOTION TO CONVERT, BUT (II) SUA SPONTE GRANTING RELIEF FROM STAY

This matter came before the Court for hearing on July 1, 2026,[1] upon the

*Motion to Convert Chapter 13 Case to Chapter 7* filed by Luis German Pablo Tapia-

Vergara.[2] In the motion, Mr. Tapia-Vergara – who has asserted a $262,493.00

unsecured claim in the chapter 7 case of Cristina Lebrero[3] (to whom the debtor in

this case, Ricardo Daniel Montejo, was at one time married, and as to whom the

debtor shares children and allegedly still shares a home) – seeks to convert this case

[1] Dkt. No. 124.
[2] Dkt. No. 123.
[3] Case No. 24-20236-SMG (Bankr. S.D. Fla. 2024).

to chapter 7 based on a plethora of alleged misdeeds, financial improprieties, and materially-incomplete and unreliable financial disclosures by Mr. Montejo.[4] Mr. Montejo, however, is currently performing under a confirmed chapter 13 plan that provides for 100% payment to general unsecured creditors.[5] Thus, as explained on the record at the July 1 hearing, even if all of the factual allegations in the motion are true, none of the statutory grounds constituting "cause" for conversion under 11 U.S.C. § 1307(c) exist here. Moreover, any argument that the case should be converted based on the debtor's alleged bad acts is foreclosed by the Court's order confirming Mr. Montejo's chapter 13 plan.[6] Under 11 U.S.C. § 1325(a)(3), confirmation necessarily required the Court to find that the plan was "proposed in good faith and not by any means forbidden by law."[7]

Nevertheless, because filings by a pro se litigant are to be liberally construed, the Court has considered whether the allegations support other appropriate relief.[8] The record here demonstrates that Mr. Tapia-Vergara – who does assert claims against Mr. Montejo – was not listed as a creditor on Mr. Montejo's bankruptcy schedules or creditor mailing matrix.[9] As a result, Mr. Tapia-Vergara was not served with the notice of the commencement of this chapter 13 case, the meeting of creditors, the deadline to file a proof of claim, or the hearing to consider confirmation of the

---

[4] *See generally* Case No. 24-16430-SMG, Dkt. No. 123; *see also* Dkt. No. 127.

[5] Dkt. Nos. 74, 87.

[6] Dkt. No. 30.

[7] 11 U.S.C. § 1325(a)(3). Further, to the extent Mr. Tapia-Vergara seeks to challenge the confirmation order itself for fraud, the 180-day deadline after confirmation to seek revocation under 11 U.S.C. § 1330(a) has long since passed. As a result, any request to revoke the confirmation order is untimely.

[8] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[9] Dkt. No. 1. Nor was he included on the amended schedules filed on September 5, 2024 and January 22, 2025. *See* Dkt. Nos. 21, 39.

debtor's chapter 13 plan,[10] first amended plan,[11] or second amended plan,[12] which was confirmed on October 8, 2024.[13]

"A creditor is only bound to the terms of the confirmed plan, however, when the creditor has notice of its proposed treatment in the plan."[14] Because Mr. Tapia-Vergara did not receive notice of this case, the section 341 meeting of creditors, the deadline to file a proof of claim, the confirmation hearing, or the plan, he is not bound by the plan.[15] In light of his allegations – and construing his motion liberally as is required for a self-represented party[16] – although there is no cause to convert this case under 11 U.S.C. § 1307(c), the Court concludes that cause does exist for relief from the automatic stay under 11 U.S.C. § 362(d)(1) for Mr. Tapia-Vergara to pursue in another court of competent jurisdiction any claims he may have against the debtor or property claimed as exempt by the debtor in this case[17] (but not against property

---

[10] *See* Dkt. Nos. 9, 10.

[11] Dkt. Nos. 18, 19, 22.

[12] Dkt. Nos. 23, 24.

[13] Dkt. No. 30. Mr. Tapia-Vergara first appeared in this case on January 6, 2025, when he filed a *Motion for Investigation and Substantive Consolidation of Cases* (Dkt. No. 34), however, the Court denied that motion. Dkt. No. 46.

[14] *In re Johnson*, 587 B.R. 195, 198–99 (Bankr. M.D. Ga. 2018) (citing *In re Calvert*, 907 F.2d 1069, 1070 (11th Cir. 1990) (holding confirmation did not prevent a creditor from challenging the plan's valuation of a claim where the creditor was not on notice that the court could value the collateral at the confirmation hearing)).

[15] *See id.* Mr. Montejo's failure to list or schedule Mr. Tapia-Vergara as a creditor may also give rise to a claim that any debt owed by Mr. Montejo to Mr. Tapia-Vergara is excepted from any discharge that may be granted to Mr. Montejo in this case. *See* 11 U.S.C. §§ 523(a)(3), 1328(a)(2), 1328(c)(2). A determination of dischargeability of a debt, however, must be sought by adversary proceeding. *See* Fed. R. Bankr. P. 7001(f). When the basis of alleged nondischargeability is for failure to list or schedule a creditor under 11 U.S.C. § 523(a)(3), a complaint seeking that determination may be sought at any time. *See* Fed. R. Bankr. P. 4007(b).

[16] *See Estelle*, 429 U.S. at 106.

[17] By order entered on February 26, 2025, the Court authorized the debtor to sell real property claimed as an exempt homestead in this case. Dkt. No. 65. The Court's order then provided, consistent with the debtor's representation in the motion, that the debtor intends to use the remaining proceeds to purchase another homestead property. *See Orange Brevard Plumbing & Heating Co. v. La Croix*, 137

of the estate for so long as such property remains property of the estate). As to property claimed as exempt in this case, given Mr. Tapia-Vergara's allegations in the motion now before the Court – as well as in his previous filings[18] and the fact that he did not have notice of the debtor's claimed homestead exemption[19] – Mr. Tapia-Vergara is also free to pursue any claims for an equitable lien, constructive trust, or other cognizable relief against claimed exempt homestead proceeds[20] in another court of competent jurisdiction.

Accordingly, it is **ORDERED** that:

1.      The motion to convert is **DENIED**.

2.      Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay is **TERMINATED** as to Luis German Pablo Tapia-Vergara to pursue in another court of competent jurisdiction any claims he may have against the debtor, Ricardo Daniel Montejo, or property claimed as exempt by the debtor, Ricardo Daniel Montejo, in this case, but not against property of the estate for so long as any property of the estate remains property of the estate. This grant of stay relief specifically includes pursuit of any claims in another court of competent jurisdiction for an equitable lien, constructive trust, or other cognizable relief against claimed exempt homestead proceeds.

---

So. 2d 201, 206 (Fla. 1962) (the proceeds from the voluntary sale of an exempt homestead retain their exempt status if the debtor intends to reinvest them in a new homestead within a reasonable time). Mr. Tapia-Vergara questions whether the debtor has fulfilled that intent; he should be free to investigate that and pursue any viable claims thereto in another court of competent jurisdiction.

[18] *See* Dkt. Nos. 79, 82.

[19] *See* Dkt. Nos. 1, 9, 10.

[20] *See In re Fin. Federated Title & Tr., Inc.*, 347 F.3d 880, 881 (11th Cir. 2003) (Florida's Constitutional homestead exemption does not protect a home purchased with fraudulently obtained funds from an equitable lien or constructive trust); *Havoco of Am., Ltd. v. Hill*, 790 So.2d 1018 (Fla. 2001) (recognizing equitable liens as an exception to Florida's Constitutional homestead exemption).

# # #

*Copies furnished to all interested parties by Clerk of Court.*